IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESS T. LAMMERS,<br><br>              Plaintiff,<br><br>vs.<br><br>COUNTY OF PHELPS, NE, NATALIE NELSON, Attorney; SHAWN EATHERTON, HOLDREGE POLICE DEPARTMENT, LELAND RODEWALD, PO; COUNTY OF PHELPS SHERRIF, JAMIE TILSON, (Deputy); and MAGISTRATE STREETER,<br><br>              Defendants. | **8:24CV198**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Jess T. Lammers ("Plaintiff" or "Lammers"), who advised he is no longer incarcerated, filed a Motion for Leave to Proceed in Forma Pauperis. Filing No. 10. Upon review of Plaintiff's motion, the Court finds that Plaintiff is financially eligible to proceed in forma pauperis as a non-prisoner. The Court will now conduct an initial review of Plaintiff's Complaint, Filing No. 1, pursuant to 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on May 30, 2024, against Phelps County, Nebraska, attorney Natalie Nelson, attorney Shawn Eatherton ("Eatherton"), the Holdrege Police Department ("HPD"), HPD officer Leland Rodewald ("Officer Rodewald"), Phelps County Sheriff Deputy Jamie Tilson ("Deputy Tilson"), and Magistrate Streeter. Plaintiff alleges on April 2, 2024, he went to 208 Blaine Street in Holdrege, Nebraska, to retrieve legal documents and personal property and "was assaulted by Russel Wright [("Wright")], a habitual criminal and felon." Filing No. 1 at 2. Prior to Plaintiff's arrival at the Blaine Street address, Wright forged Plaintiff's signature on "certificate of service" documents with

Deputy Tilson in front of Magistrate Streeter at the Phelps County Courthouse, which Plaintiff's probation officer witnessed. *Id*. at 1.

In the assault, Wright beat Plaintiff unconscious with Plaintiff's cane. Plaintiff was treated at Phelps Memorial Emergency Room ("ER") for his injuries and alleges the following with respect to events following the assault:

> [Deputy Tilson] aided in the forgery and assault. Leland Rodewald, Holdrege Police Department, was at 208 Blaine St. then took Lammers' report at ER. Lammers has a witness Jen Seely. Subsequently, Shawn Eatherton was appointed special prosecutor. However, [Eatherton] will not give Lammers, the victim, the police reports or body or car camera footage. The County of Phelps and special prosecutor refuse to prosecute Wright for 1st degree assault, forgery, use of a weapon to commit a felony, and possession of a weapon by a prohibited person. Magistrate Streeter witness to the forgery is an accessory after the fact because of her silence.

*Id*. at 2 (punctuation and capitalization corrected).

As relief, Plaintiff asks the Court to issue a writ of mandamus under 28 U.S.C. § 1361 ordering Eatherton to file criminal charges against Wright, Officer Rodewald, Deputy Tilson, and Magistrate Streeter.

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase*

2

*Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

Liberally construed, Plaintiff asks this Court to issue a writ of mandamus compelling Phelps County special prosecutor Eatherton to initiate state criminal proceedings against certain individuals. A federal district court is authorized to issue writs of mandamus or other extraordinary writs only in aid of its jurisdiction, either existing or potential. *See* 28 U.S.C. § 1651(a); *Middlebrooks v. Thirteenth Judicial Dist. Circuit Court, Union Cnty.*, 323 F.2d 485, 486 (8th Cir. 1963). The writ of mandamus is an extraordinary remedy, and therefore must be issued only in extraordinary circumstances. "In order to

3

insure that the writ will issue only in extraordinary circumstances [the United States Supreme Court] has required that a party seeking issuance have no other adequate means to attain the relief he desires, and that he satisfy the burden of showing that his right to issuance of the writ is clear and indisputable." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980) (citations and internal quotations omitted).

The actions of Eatherton and the other named defendants in the instant case are not within the jurisdiction of this Court. See Middlebrooks, 323 F.2d at 486. Specifically, this Court has no authority to compel action by county prosecutors. See 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff.") (emphasis added); *see also* Veneri v. Circuit Court of Gasconade Cnty., 528 F.Supp. 496, 498 (E. D. Mo. 1981) ("[I]t is well settled that federal courts have no superintending control over and are without authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties."). Therefore, the Court will dismiss this action for lack of jurisdiction.

Moreover, insofar as Plaintiff requests that certain defendants be charged with crimes, a private plaintiff cannot force a criminal prosecution because the authority to initiate criminal charges lies only with state and federal prosecutors. See Nieves v. Bartlett, 587 U.S. 391, 417 (2019) (Gorsuch, J., concurring in part and dissenting in part) ("the decision whether to institute criminal charges is one our Constitution vests in state and federal executive officials"); United States v. Batchelder, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion."); Cragoe v. Maxwell, No. CIV 11-4188,

2012 WL 462960, at *2 (D.S.D. Feb. 13, 2012) ("If [the pro se plaintiff] believes criminal charges are appropriate for whatever reason, this Court is not the proper entity to initiate those proceedings.") (collecting cases); Blechinger v. Sioux Falls Hous. & Redevelopment Comm'n, No. CIV. 12-4004, 2012 WL 174653, at *3 (D.S.D. Jan. 20, 2012) (neither pro se plaintiff nor the court can charge defendant with a crime because "[w]hether to prosecute and what criminal charges to file or bring are decisions that generally rest in the prosecutor's not the court's discretion") (internal quotation marks and citation omitted). Because the Court does not have the authority to initiate a criminal prosecution, Plaintiff's request that criminal charges be filed against Wright, Officer Rodewald, Deputy Tilson, and Magistrate Streeter does not state a federal claim.

## IV.  OTHER PENDING MOTION

On December 5, 2024, Plaintiff filed notice of his updated address and a motion requesting any correspondence sent from the Court after October 25, 2024, be resent to his updated address or, if none was sent, the Court inform Plaintiff of such for his own records. Filing No. 11. Construing Plaintiff's motion as one for status, the motion is granted. Plaintiff is advised that the Court did not send any correspondence to Plaintiff after October 25, 2024, and this Memorandum and Order and the accompanying judgment will be the first documents sent to Plaintiff since that date.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis, Filing No. 10, is granted, and Plaintiff is given leave to proceed in forma pauperis as a non-prisoner.

2. The Clerk of the Court is directed to update the Court's records to reflect that Plaintiff is no longer liable for the remaining balance of the filing fee.

3.      Plaintiff's motion, Filing No. 11, construed as a motion for status, is granted consistent with this Memorandum and Order.

4.      This matter is dismissed without prejudice for lack of subject matter jurisdiction.

5.      The Court will enter a separate judgment.

Dated this 25th day of April, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge